**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| | ) | NO. 12-cv-9628 |
| v. | ) | |
| STAFFMARK INVESTMENT LLC | ) | COMPLAINT |
| AND SONY ELECTRONICS, INC. | ) | |
| | ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |
| | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Dorothy Shanks, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 18-22 below, Defendants Staffmark Investment LLC ("Staffmark") and Sony Electronics, Inc. ("Sony") discharged Shanks because of her disability, leg amputee. In addition, Staffmark refused to refer Shanks for additional temporary work assignments because of her disability.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

**PARTIES**

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-(f)(1).

4.      At all relevant times, Defendant Staffmark has continuously been a Delaware limited liability company doing business in the State of Illinois, including, but not limited to, in the cities of Bolingbrook, Naperville, Romeoville, and Plainfield, and has continuously had at least 15 employees.

5.      At all relevant times, Staffmark has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Staffmark has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.      At all relevant times, Defendant Sony has continuously been a Delaware corporation doing business in the State of Illinois, including the city of Romeoville, Illinois, and has continuously had at least 15 employees.

8.      At all relevant times, Sony has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9.      At all relevant times, Sony has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

10.     More than thirty days prior to the institution of this lawsuit, Dorothy Shanks filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Staffmark. All conditions precedent to the institution of this lawsuit have been fulfilled.

11.     On July 25, 2012, EEOC determined that there was reasonable cause to believe that Staffmark violated the ADA.

12.     On July 25, 2012, EEOC invited Staffmark to engage in conciliation.

13.     On November 14, 2012, EEOC informed Staffmark that such conciliation efforts as are required by law have occurred and been unsuccessful and that it had determined that further conciliation efforts would be futile or non-productive.

14.     More than thirty days prior to the institution of this lawsuit, Shanks filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Sony.  All conditions precedent to the institution of this lawsuit have been fulfilled.

15.     On July 25, 2012, EEOC determined that there was reasonable cause to believe that Sony violated the ADA.

16.     On July 25, 2012, EEOC invited Sony to engage in conciliation.

17.    On November 14, 2012, EEOC informed Sony that such conciliation efforts as are required by law have occurred and been unsuccessful and that it had determined that further conciliation efforts would be futile or non-productive.

18.    Since at least October 2010, Defendant Staffmark has engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. 12112(a). These unlawful employment practices include, but are not limited to, discharging Shanks from her temporary employment assignment with Sony and refusing to refer her for additional work assignments because of her disability.

19.    Since at least October 2010, Defendant Sony has engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. 12112(a). These unlawful employment practices include, but are not limited to, discharging Shanks, a temporary employee of Sony, because of her disability.

20.    Shanks has a physical impairment, leg amputee, which substantially limits the major life activity of walking and constitutes a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

21.    Staffmark and Sony regarded Shanks as having a disability as defined by the ADA, 42 U.S.C. § 12012(1)(C), 3(A), in that they fired her because of her physical impairment.

22.    Shanks is a qualified individual with a disability and could perform all of the essential functions of her position with Staffmark and Sony.

23.    The effect of the practices complained of in paragraphs 18-22 above has been to deprive Shanks of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

24.     The unlawful employment practices complained of in paragraphs 18-22 above were intentional.

25.     The unlawful employment practices complained of in paragraphs 18-22 above were done with malice or with reckless indifference to the federally protected rights of Shanks

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Staffmark, Sony, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of disability.

B.     Order Staffmark and Sony to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Staffmark and Sony to make whole Dorothy Shanks by providing appropriate backpay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay.

D.     Order Staffmark and Sony to make whole Dorothy Shanks by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 18-22 above, in amounts to be determined at trial.

E.     Order Staffmark and Sony to make whole Dorothy Shanks by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices

complained of in paragraphs 18-22 above, including, but not limited to, emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

       F.      Order Staffmark and Sony to pay Dorothy Shanks punitive damages for its malicious and reckless conduct, as described in paragraphs 18-22 above, in amounts to be determined at trial.

       G.      Grant such further relief as the Court deems necessary and proper in the public interest.

       H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

       The Commission requests a jury trial on all questions of fact raised by its complaint.

December 4, 2012                 Respectfully submitted,

                                          P. DAVID. LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity
 Commission
131 M. Street, N.E.
Washington, D.C. 20507

/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

/s/ Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney

/s/ Ann Henry
Ann Henry
Trial Attorney
Ann Henry
ARDC # 6272394
U.S. Equal Employment Opportunity
     Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8098
ann.henry@eeoc.gov